**[Docket No. 17]**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| PEGGY BOLER KWANZAA,<br><br>    Plaintiff,<br><br>    v.<br><br>GIRARD TELL, et al.,<br><br>    Defendants. | Civil No. 19-20373 (RMB/AMD)<br><br>**OPINION** |

APPEARANCES:

PEGGY BOLER KWANZAA, *pro se*
207 South Franklin Blvd.
Pleasantville, New Jersey 08232

REYNOLDS & HORN, P.C.
By: Thomas B. Reynolds
750 Route 73 South, Suite 202 A
Marlton, New Jersey 08053
    *Attorneys for Defendants*

**BUMB**, UNITED STATES DISTRICT JUDGE:

    *Pro se* plaintiff, Peggy Boler Kwanzaa, brings this suit alleging that defendants-- officers with the Pleasantville Police Department-- violated her constitutional rights during a traffic stop.  Defendants contend that Kwanzaa lacks standing to assert these claims.  For the reasons stated herein, the motion will be granted.

**I.   FACTUAL BACKGROUND**

The Amended Complaint alleges the following.  On February 28, 2019, Latasha Leggett, a non-party, was driving a car on the Black Horse Pike in Egg Harbor Township, New Jersey.  (Amend. Compl., Dkt. 2, at 7).  Lamont Scott, also a non-party, was the only passenger.  (Id. at 7-8).  Defendant Ryan Van Sykle, an officer with the Pleasantville Police Department, stopped the vehicle for allegedly failing to use a turn signal within 100 feet of a turn.  (Id. at 7).  During the stop, Officer Van Sykle called police dispatch to request a K-9 unit for a narcotics sniff of the car.  (Id.).  Defendant Girard Tell, also a Pleasantville Police Officer, then joined Officer Van Sykle.  (Id.).

Shortly thereafter, Kwanzaa arrived on the scene.  (Id. at 8).  She informed the officers that she owned the vehicle that Leggett was driving, and she stated that they did not have her permission to search the car.  (Id.).  At this point, "Scott exited the vehicle and left the area on foot."  (Id.).  Officer Van Sykle then searched the vehicle without a warrant.  (Id.).

Kwanzaa alleges that Officer Van Sykle's justification for stopping the vehicle was pretextual, and that he actually stopped the car as part of the Pleasantville Police Department's unwritten racial profiling policy.  (Id. at 7-9).  Moreover, she alleges that this informal policy is endorsed by Defendants Chief

2

Sean Riggins and Captain James Williams, both of the Pleasantville Police Department.  (Id. at 9).

## II.  LEGAL STANDARD

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 662.  "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss. Id. at 678.  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).  When the plaintiff is *pro se*, the Court must construe the complaint liberally, holding it "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as

3

all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012).  The Court may consider only the allegations in the complaint, and "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing Chester Cnty. Intermediate Unit v. Penn. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)).

**III. ANALYSIS**

As a preliminary matter, the Court has identified some confusion in the relevant filings-- namely Kwanzaa's repeated references to Lamont Scott as a co-plaintiff in this case.  That is incorrect.

This action originated from a separate case: Chaka Kwanzaa et v. Tell et al., Case No. 1:19-cv-16052-RMB-AMD.  That case began with three plaintiffs: Chaka Kwanzaa, Peggy Boler Kwanzaa, and Lamont Scott.  Id.  In November 2019, the Court severed Peggy Boler Kwanzaa's claims from that action into the instant case. Id. at Dkt. 9.  At that time, Scott's claims were still included in the original lawsuit.  Then, three months later, the Court severed Scott's claims into a third action-- Scott v. Tell et al., Case No. 1:20-cv-1295-RMB-AMD.

To clarify, Lamont Scott is not a plaintiff in this case and his claims are currently being litigated in a separate action. To the extent that Scott's claims have been reasserted here, those claims are dismissed as duplicative. See Fabics v. City of New Brunswick, 629 F. App'x 196, 198 (3d Cir. 2015) ("As part of its general power to administer its docket, a district court may dismiss a duplicative complaint.") (internal quotation marks omitted).

**A. Section 1983 Claims**

Kwanzaa brings her claims pursuant to 42 U.S.C. § 1983. § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen . . . or other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]" 42 U.S.C. § 1983. To establish liability under § 1983, "a plaintiff must show that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained-of injury." Elmore v. Cleary, 399 F.3d 279, 281 (3d Cir. 2005).

The amended complaint lists four injuries. (Amend. Compl. Dkt, 2, at 9-10). Those are:

> Plaintiff. . . suffered emotional distress as a result of the violation of [her] fourth amendment rights.

5

> Plaintiff . . . suffered economic loss as the result of defendant's unconstitutional conduct.
>
> Plaintiff . . . suffered long-term financial calamity as a result of defendant's wrongful conduct.
>
> Plaintiff . . . suffered personal embarrassment and loss of good reputation as a result of defendant's wrongful actions.

(Id.).

From these alleged injuries, coupled with plaintiff's description of the facts, the Court must make two inferences. First, Kwanzaa has asserted Fourth Amendment claims against only Officer Van Sykle. Although the amended complaint mentions that Officer Tell joined Officer Van Sykle at the traffic stop, it states that "defendant Van Syckle (sic) commenced with a warrantless search of the vehicle." (Amend. Complt., Dkt. 2, at 8). Second, Kwanzaa has alleged that all four defendants engaged in a racial profiling practice in violation of the Fourteenth Amendment's equal protection clause.[1]

### 1. Fourth Amendment

Kwanzaa contends that Officer Van Sykle violated her Fourth Amendment rights by searching the vehicle without her permission

---

[1] In her amended complaint, Kwanzaa states that defendants have violated her "Due Process of Law [rights] both procedurally and substantively and retaliation from public servants for exercising their right to file formal complaints or grievances(sic)." (Amend. Compl., Dkt. 2, at 5). The Court construes these claims as both Fourth Amendment and equal protection claims. See Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 260 (3d Cir. 2010) ("Under [the more-specific provision rule], if a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision.") (cleaned-up). In addition, the complaint makes no further mention of retaliation.

and without cause. (Amend. Compl., Dkt. 2, at 8). Specifically, Kwanzaa asserts that she is the vehicle's owner and refused to give Officer Van Sykle permission to conduct his search. (Id.). Moreover, Kwanzaa explains that Scott had "exited the vehicle and left the area on foot," thus negating the need to search the car. (Id.). In response, defendants argue that Kwanzaa was not the owner of the vehicle in question, and therefore cannot assert claims arising under the Fourth Amendment for a search of that car. (Defendant's Brief, Dkt. 17, at 3). Furthermore, defendants contend that even if Kwanzaa owned the vehicle, she similarly cannot allege Fourth Amendment claims because she was not driving or occupying the vehicle during the traffic stop. (Id.).

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated...." U.S. Const. amend. IV. Fourth Amendment rights are "personal rights which may not be vicariously asserted." Plumhoff v. Rickard, 572 U.S. 765, 778 (2014).

Property ownership "is clearly a factor to be considered in determining whether an individual's Fourth Amendment rights have been violated . . . [but] property rights are neither the beginning nor the end of [the] Court's inquiry." United States v. Salvucci, 448 U.S. 83, 91 (1980). Instead, "an illegal search

7

only violates the rights of those who have 'a legitimate expectation of privacy in the invaded place.'" Id. (quoting Rakas v. Illinois, 439 U.S. 128, 140 (1978)).

Several courts have held that a car's owner cannot maintain a legitimate expectation of privacy when lending that car to others. In United States v. One 1986 Mercedes Benz, 846 F.2d 2 (2d Cir. 1988), the Second Circuit held that a car's owner "abandoned any legitimate expectation of privacy[,]" by lending their car to another person. 846 F.2d at 4. Similarly, the Ninth Circuit has held that an owner "relinquished her expectation of privacy when she lent her automobile" to another person. United States v. One 1977 Mercedes Benz, 708 F.2d 444, 449 (9th Cir. 1983). Relying on these two cases, the Tenth Circuit has also explained that when a car's owner "surrendered the car to his friends to drive," he also "abandoned his privacy interest in the car as a whole." United States v. Blaze, 143 F.3d 585, 591 (10th Cir. 1998). This Court now adopts that same principle.

Here, Kwanzaa has not alleged that she was an occupant of the car during Officer Van Sykle's search; she challenges the search only as the vehicle's purported owner. But Kwanzaa did not have a reasonable expectation of privacy in her car at the time of the search. She has not claimed that Leggett and Scott were using her car without permission, and the Court must infer

8

that she allowed them to use the vehicle. But by lending the vehicle to others, she abandoned a legitimate expectation of privacy in her car. As a result, the Court finds that Kwanzaa has attempted to vicariously assert the Fourth Amendment rights of others, and this is not permitted. Plumhoff, 572 U.S. at 778. Thus, Kwanzaa cannot challenge the validity of Officer Van Sykle's search, and the Court grants defendants' motion to dismiss as to all Fourth Amendment claims.

### 2. Fourteenth Amendment Claims

Kwanzaa has similarly failed to state a claim for a violation of her Fourteenth Amendment rights. The Fourteenth Amendment's equal protection clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. Kwanzaa alleges that all four defendants violated her Fourteenth Amendment rights through a series of racially motivated actions.

Kwanzaa has alleged no facts that give rise to a reasonable inference that Officer Van Sykle was motivated by race when he stopped Leggett and Scott. Similarly, Kwanzaa has alleged no facts that give rise to a reasonable inference that the Pleasantville Police Department maintains some sort of racially motivated practice in conducting traffic stops, that Chief Riggins or Captain Williams somehow endorse this policy, or that "[i]t is now a common practice for Pleasantville Police Officers

9

to stop vehicles driven by African-American males and conduct warrantless illegal searches of their vehicles." (See Amend. Compl., Dkt. 2, at 9). Moreover, Kwanzaa has failed to allege that she was a victim of these purported practices. She does not claim to have been in the car that Officer Van Sykle stopped, nor does she claim to have been otherwise targeted by any of the defendants' alleged, racially motivated practices. Thus, Kwanzaa has failed to state a claim under the Fourteenth Amendment, and defendants are entitled to dismissal.

**IV. CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is granted. But the Court must afford a *pro se* litigant the opportunity to amend her complaint, even when she does not seek leave to amend. Phillips v. Cty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). Accordingly, plaintiff may file an amended complaint within 30 days.[2] An appropriate Order shall issue on this date.

Dated: October 5, 2020              s/ Renée Marie Bumb
                                    RENÉE MARIE BUMB
                                    UNITED STATES DISTRICT JUDGE

---

[2] Although Kwanzaa's live pleading is technically an amended complaint, the Court notes that it has not yet given Kwanzaa the opportunity to correct any pleading defects. When plaintiff's claims were included in Chaka Kwanzaa v. Tell et al., Case No. 1:19-cv-16052-RMB-AMD, the Court never addressed her individual claims-- Mrs. Kwanzaa had not yet paid the filing fee when the Court dismissed all but one of Mr. Kwanzaa's claims. When the Court then severed plaintiff's claims into this action, it ordered plaintiff to file an amended complaint addressing only her own claims. (Order, Dkt. 1). Therefore, the Court finds it appropriate to permit plaintiff to file an amended complaint.